IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| INTERNATIONAL PAINTERS AND ALLIED<br>   TRADES INDUSTRY PENSION FUND<br>TIM D. MAITLAND, in his official capacity as a fiduciary,<br>FINISHING TRADES INSTITUTE<br>   F/K/A INTERNATIONAL UNION OF PAINTERS<br>   AND ALLIED TRADES JOINT APPRENTICESHIP<br>   AND TRAINING FUND,<br>POLITICAL ACTION TOGETHER FUND, and<br>PAINTERS AND ALLIED TRADES LABOR<br>   MANAGEMENT COOPERATION INITIATIVE<br>7234 Parkway Drive<br>Hanover, MD 21076<br><br>              Plaintiffs,<br>   v.<br><br>JOHN H. COOK, JR. PAINTING CONTRACTOR, INC.<br>   d/b/a Cook Painting<br>510 Baldwin Street<br>Elmira, NY 14901<br><br>              Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. |

**COMPLAINT**

Plaintiffs, by undersigned counsel, complain as follows.

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§ 1132, 1145; 29 U.S.C. § 185(a); and/or 28 U.S.C. § 1331. The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. § 1367(a) also extends to any claims that are found to lie under state law.

2. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. § 1132(h) .

## **VENUE**

3. Venue lies in the District of Maryland under 29 U.S.C. § 1132(e)(2), 29 U.S.C. § 185(a) and/or 28 U.S.C. § 1391(b).

## **PARTIES**

4. Plaintiff International Painters and Allied Trades Industry Pension Fund ("Fund" or "Pension Fund") is a trust fund established under 29 U.S.C. § 186(c)(5). Its Trustees are the "named fiduciary," "plan administrator," and "plan sponsor," and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§ 1102(a), 1002(16), (21), for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan") and International Painters and Allied Trades Industry Annuity Plan ("Annuity Plan").

5. The Pension Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §§ 1002(37), (2), and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint. The Pension Plan is also referenced as the "IUPAT Union and Industry Pension Plan," "IUPAT Pension," "Pension Plan," "IUPAT Pension Fund," and I.U.P.A.T. Pension" in the Labor Agreements relating to this Complaint.

6. The Annuity Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. § 1002(37), (2), and (3) which is administered and has its principal place of business in this district at the address for the Fund in the caption of this Complaint. The Annuity Plan is also referenced as the "IUPAT Union and Industry Annuity Plan," "IUPAT Annuity," "Annuity Plan," and "Annuity" in the Labor Agreements relating to this Complaint.

7. Plaintiff, Tim D. Maitland ("Maitland" and, together with "Fund," "Plaintiffs") is

a fiduciary of the Funds within the meaning of 29 U.S.C. § 1002(21) with respect to collection of contributions due the Funds and related matters. He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Fund and the Funds as organizations.

8. The Fund and Maitland are authorized collection fiduciary(ies) and agent(s) for:

    (a) the Pension Plan,

    (b) the Annuity Plan,

    (c) the Finishing Trades Institute f/k/a International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund ("FTI"), and

    (d) the Ancillary Funds identified below.

9. FTI is a trust fund established under 29 U.S.C. § 186(c)(5) and "multiemployer plan" and "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. §§ 1002(37), (1), and (3). The FTI maintains its principal place of business and is administered from an office in this district, and is also known as and referenced as the "I.U.P.A.T. J.A.T.F.," "International Brotherhood of Painters and Allied Trades Joint Apprenticeship Training Fund," "Int'l J.A.T.F.," "IUPAT JATF," and "IUPAT J.A.T.F." in the Labor Agreements relating to this Complaint.

10. The Political Action Together Fund, which includes the Political Action Together – Legislative and Educational Committee and Political Action Together – Political Committee (jointly or severally, "PAT Fund") is an unincorporated association or fund established pursuant to 2 U.S.C. § 431 *et seq.* by the International Union of Painters and Allied Trades for the purpose of advancing the political interest of its members by lawfully influencing the selection, nomination, elections and/or appointment of individuals for political office. The PAT Fund is also referenced

as "P.A.T." and the "Political Action Together Fund of The International Union of Painters and Allied Trades" in the Labor Agreements relating to this Complaint.

11.   The Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI") is an entity that performs certain employer association functions, but is also an unincorporated organization established under 29 U.S.C. § 186(c)(9).  LMCI is also known and referenced as the "Labor Management Cooperation Fund," "LMCF," and "L.M.C.F." in the Labor Agreements relating to this Complaint.

12.   The PAT Fund and LMCI are jointly referenced as "Ancillary Funds," and maintain their principal place of business and are administered from an office in this district.

13.   The Pension Fund and Maitland, in their capacity as authorized collection fiduciary(ies) and agent(s) sue on behalf of the Pension Plan, the Annuity Plan, FTI, LMCI, and the PAT Fund.

14.   The Pension Fund, Pension Plan, Annuity Plan, FTI and, as allowed by law, LMCI, are jointly or severally referenced as the "ERISA Funds."  The ERISA Funds, LMCI, and PAT Fund are hereinafter jointly or severally referenced as the "Funds."

15.   Defendant John H. Cook Jr. Painting Contractor, Inc. d/b/a Cook Painting ("Defendant") is a New York corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

## COMMON FACTS

16.   At all times relevant to this action, Defendant was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) (singly or jointly, "Labor Contracts") with one or more local labor unions or district councils affiliated with the

International Union of Painters and Allied Trades, AFL-CIO, CLC (the locals, district councils and International being referred to jointly as "Union"). A true and correct copy of the Labor Contract in effect for the period May 1, 2002 through April 30, 2007 is attached to this Complaint as Exhibit 1. A true and correct copy of the Labor Contract in effect for the period May 1 2007 through April 30, 2012 is attached to this Complaint as Exhibit 5. A true and correct copy of the Labor Contract in effect for the period and May 1, 2012 through April 30, 2017 is attached to this Complaint as Exhibit 6.

      a.   Defendant has remitted fringe benefit contributions to the Funds for the period 1975 through the present. As an example of payment, true and correct copies of checks Defendant paid to the Pension Fund for month of July 2012 are attached to this Complaint as Exhibit 7.

      b.   Defendant has consistently submitted remittance reports to the Pension Fund, detailing the employees or work for which contributions were due to the Funds under the applicable Labor Contracts. True and correct copies of example remittance reports Defendant submitted to the Pension Fund for July 2012 and November 2013 are collectively attached as Exhibit 8.

      c.   The "reverse side" of the remittance reports Defendant submitted to the Pension Fund included the following language: "If you are for any reason not bound to an IUPAT Collective Bargaining Agreement for the type and location of your work, the submission of this form is your consent to pay contributions in accordance with the prevailing Collective Bargaining Agreement for the type and location of work for the duration of that agreement. . . . Hours must be reported on all employees who receive pay in accordance with the Collective Bargaining Agreement starting with the employee's first day of employment in any job

classification covered by a Collective Bargaining Agreement." A true and correct copy of the reverse side of the remittance reports is attached to this Complaint as Exhibit 9.

  d. On May 2, 2003, Defendant agreed to, *inter alia*, a total wage and fringe benefit package increase for its employees, including additional contributions due to the District Council 4 Apprentice Fund. A true and correct copy of the signature page of this agreement is attached to this Complaint as Exhibit 10.

  e. The Labor Contracts provide, "For Market Recovery Rate to apply to any job the employer must seek permission from the Union to bid said job under the Market Recovery rates prior to the bid. *See* Ex. 5 at p. 58, Market Recovery Agreement, Section 3.

  f. In or around December 12, 2007, the Union provided Defendant such authorization as described in paragraph 16(b) to pay "Market Recovery" wages and benefits (i.e. lower wages and benefits than typically required under the Labor Contracts) to its employees "for this job only[.]" A true and correct copy of the Union's authorization, with Defendant's signature, is attached to this Complaint as Exhibit 11.

  g. For all times relevant to this action, Defendant has also consistently submitted contributions and remittance reports to the District Council 4 Local Funds in accordance with the Labor Contracts. True and correct copies of examples of remittance reports Defendant submitted to the District Council 4 Local Funds for the months of July 2012, November 2013, and July 2018 are attached to this Complaint as Exhibit 12.

  h. On October 20, 2015, Defendant wrote a letter, signed by its Vice President Scott Cook, expressly stating that Defendant is "signatory to District Council #4 . . . ." A true and correct copy of this letter is attached as Exhibit 13.

  i. On May 13, 2016, pursuant to Article VI of the Agreement and

Declaration of Trust ("Trust Agreement"), the Pension Fund sent a letter to Defendant requesting that Defendant submit to a payroll compliance audit of its books and records to determine whether Defendant was complying with its obligations to the Funds. A true and correct copy of the audit request letter from the Pension Fund to Defendant is attached to this Complaint as Exhibit 14.

        j.    Defendant cooperated with the Pension Fund's audit, and on February 14, 2017, the auditors produced a report of its findings, which revealed that Defendant owed delinquent contributions to the Funds.

        k.    During all times relevant to this action, Defendant has employed members of the Union.

        l.    Notwithstanding the delinquent amounts found due and owing in the audit, Defendant remitted contributions to the Funds at the rates provided in the Labor Contracts.

    17.    Defendant also signed or agreed to abide by the terms of the Agreement and Declaration of Trust of the Fund ("Trust Agreement"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the Pension Plan document. A true and correct copy of the Trust Agreement for the Fund is attached as Exhibit 2. True and correct copies of the cover page, table of contents, §§ 3.08, 10.07, 10.08, and 10.11 and signature page of the Pension Plan are attached as Exhibit 3, and the Annuity Plan has parallel terms.

    18.    Under the Labor Contracts, Trust Agreement, Pension Plan, or other documents, Defendant agreed:

        (a)    To make full and timely payment on a monthly basis to the Funds, as required by the Labor Contracts, Trust Agreement, and Pension Plan. Ex. 2, p.15 (Art.VI § 2);

Ex. 3 § 10.07.

(b) To file monthly remittance reports with the Fund detailing all employees or work for which contributions were required under the Labor Contract. Ex. 2, pp.15-16 (Art.VI §§ 3, 5).

(c) To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds and to pay the cost of the audit if found to be delinquent or in violation of the Trust Agreement or Pension Plan. Ex. 2, pp.16 (Art.VI, § 6).

(d) To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees and costs, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b) and (c). Ex. 2, pp. 15-16 (Art.VI §§ 4, 6); Ex. 3, §§ 10.07, 10.11.

(e) That Employer Contributions, as defined in the Trust Agreement, become plan assets from the date on which the hours are worked or paid, regardless of whether or not the Employer Contributions are collected or received by the Fund. Ex. 2, pp. 4-5 (Art. I § 10).

19. On February 14, 2017, the Funds' auditor, Novak Francella LLC, completed an audit of Defendant's books and records for the period January 1, 2012 through June 30, 2016, which revealed that Defendant owed the Funds $430,280.49 in delinquent contributions.

20. All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## COUNT I – CONTRIBUTIONS UNDER ERISA – SUM CERTAIN

### ERISA FUNDS

### v.

### DEFENDANT

21.   The allegations of Paragraphs 1 through 20 are incorporated by reference as if fully restated.

22.   Based on information currently available to the ERISA Funds, Defendant has failed to pay amounts due under the Labor Contract, Trust Agreements, and Plan for the period January 1, 2012 through June 30, 2016 in at least the sum of $430,280.49, as detailed in the attached Exhibit 4.

23.   The ERISA Funds are adversely affected and damaged by Defendant's violation of 29 U.S.C. § 1145.

**WHEREFORE**, Plaintiffs ask that the court:

(1)   Enter judgment against Defendant in favor of the Plaintiffs, for the benefit of the Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit, together with interest at the rate(s) prescribed by 26 U.S.C. § 6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute, the cost of any audit, and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment all as provided under the Trust Agreements, Pension Plan, and 29 U.S.C. § 1132(g)(2).

(2)   Grant such other relief, legal or equitable, as may be just, necessary, or appropriate.

## **COUNT II – CONTRIBUTIONS UNDER CONTRACT – SUM CERTAIN**

**PLAINTIFFS**

**v.**

**DEFENDANT**

24. The allegations of Paragraph 1 through 23 are incorporated by reference as if fully restated.

25. Defendant has not paid the Funds as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreements or Pension Plan.

26. Based upon information currently available to the Plaintiffs, Defendant has failed to pay amounts due under the Labor Contract, Trust Agreements, and Pension Plan for the period January 1, 2012 through June 30, 2016 in at least the sum of $430,280.49 as detailed on the attached Exhibit 4.

27. Plaintiffs have been damaged as a proximate result of Defendant's breach of the Labor Contract and/or its incorporated documents.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enter judgment against Defendant and in favor of Plaintiffs, for the benefit of the Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation, together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment, as provided by the Labor Contracts and Trust Agreements.

(2) Grant such other relief, legal or equitable, as may be just, necessary, or appropriate.

                                              Respectfully submitted,

| | |
|---|---|
| February 21, 2019 | /s/ James E. Goodley |
| Date | JAMES E. GOODLEY (Bar ID: 18911) |
| | RYAN P. McCARTHY* |
| | Jennings Sigmond, P.C. |
| | 1835 Market Street, Suite 2800 |
| | Philadelphia, PA 19103 |
| | Phone: (215) 351-0641 |
| | Fax: (215) 922-3524 |
| | |
| | *Attorney for Plaintiffs* |

*Application for admission *Pro Hac Vice* will be submitted at the appropriate time.